IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KIANA D. ONISHI, | ) | CIVIL NO. 10-00259 DAE-KSC |
|---|---|---|
| | ) | |
| Plaintiff, | ) | REPORT OF SPECIAL MASTER |
| | ) | RECOMMENDING THAT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | AWARD OF ATTORNEYS FEES BE |
| REDLINE RECOVERY SERVICES, | ) | GRANTED IN PART AND DENIED |
| LLC, | ) | IN PART |
| | ) | |
| Defendant. | ) | |
|_____| ) | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS FEES BE
<u>GRANTED IN PART AND DENIED IN PART</u>

Before the Court is Plaintiff Kiana Onishi's ("Plaintiff") Motion for Award of Attorneys Fees ("Motion"), filed October 1, 2010.  On October 13, 2010, Plaintiff filed a Statement of Consultation ("SOC").  Defendant Redline Recovery Services, LLC ("Defendant") filed its Opposition on October 26, 2010. Plaintiff filed a Reply on November 2, 2010.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the Motion, the supporting

and opposing memoranda, and the relevant case law, the
Court FINDS and RECOMMENDS that the Motion be GRANTED
IN PART and DENIED IN PART and that the district court
award Plaintiff **$6,797.25** in attorneys' fees and
**$319.47** in tax, for a total of **$7,116.72.**

## BACKGROUND

Plaintiff commenced the instant action on May
3, 2010, alleging violations of the Fair Debt
Collection Practices Act ("FDCPA") and Hawaii Revised
Statutes Chapters 443B and 480.

In September 2010, Defendant made an offer of
judgment in the amount of $2,250.00 plus costs and
reasonable attorneys' fees.  Plaintiff accepted the
offer on September 20, 2010.  The parties could not
reach an agreement with respect to the amount of fees
reasonably incurred in litigating this action.

On September 30, 2010, the Court entered
judgment in Plaintiff's favor.  The instant Motion
followed.

<u>DISCUSSION</u>

I.   <u>Entitlement to Attorneys' Fees</u>

Plaintiff submits that she is entitled to attorneys' fees under 15 U.S.C. § 1692k(a)(3).  She seeks $10,770.00, plus general excise tax of $506.19, for a total of $11,276.19.  Defendant does not dispute Plaintiff's entitlement to fees pursuant to § 1692k(a)(3), but challenges the reasonableness of the fees sought.  Defendant requests that the Court reduce the award to $3,248.70 in fees and $152.69 in excise tax.

Section 1692k(a)(3) provides:

any debt collector who fails to comply
with any provision of this subchapter with
respect to any person is liable to such
person in an amount equal to the sum of .
. .

. . . .

in the case of any successful action to
enforce the foregoing liability, the costs
of the action, together with a reasonable
attorney's fee as determined by the court.
On a finding by the court that an action
under this section was brought in bad
faith and for the purpose of harassment,
the court may award to the defendant
attorney's fees reasonable in relation to

3

the work expended and costs.

15 U.S.C. § 1692k(a)(3).  Insofar as the foregoing
statute provides for the recovery of attorneys' fees,
and Defendant does not contest Plaintiff's general
entitlement to fees thereunder, the Court's inquiry is
limited to the reasonableness of Plaintiff's fee
request.

II.  Calculation of Attorneys' Fees

Having determined that § 1692k authorizes a fee
award, the Court now assesses the amount of fees to
which Plaintiff is entitled.  Under federal law,
reasonable attorneys' fees are generally based on the
traditional "lodestar" calculation set forth in Hensley
v. Eckerhart, 461 U.S. 424 (1983).  See Fischer v. SJB-
P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The
court must determine a reasonable fee by multiplying
"the number of hours reasonably expended on the
litigation" by "a reasonable hourly rate."  Hensley,
461 U.S. at 433.  Second, the court must decide whether
to adjust the lodestar amount based on an evaluation of
the factors articulated in Kerr v. Screen Extras Guild,

4

_Inc._, 526 F.2d 67, 70 (9th Cir. 1975), which have not

already been subsumed in the lodestar calculation.  _See_

_Fischer_, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in

_Kerr_ are:

> (1) the time and labor required, (2) the
> novelty and difficulty of the questions
> involved, (3) the skill requisite to
> perform the legal service properly, (4)
> the preclusion of other employment by the
> attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee
> is fixed or contingent, (7) time
> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

_Kerr_, 526 F.2d at 70.  Factors one through five have

been subsumed in the lodestar calculation.  _See Morales_

_v. City of San Rafael_, 96 F.3d 359, 364 n.9 (9th Cir.

1996).  Further, the Ninth Circuit, extending _City of_

_Burlington v. Dague_, 505 U.S. 557, 567 (1992), held

that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar

calculation.  See <u>Davis v. City & County of San</u>
<u>Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated</u>
<u>in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).
Once calculated, the "lodestar" is presumptively
reasonable.  See <u>Pennsylvania v. Delaware Valley</u>
<u>Citizens' Council for Clean Air</u>, 483 U.S. 711, 728
(1987); <u>see also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating
that the lodestar figure should only be adjusted in
rare and exceptional cases).

Plaintiff requests the following attorneys'
fees for work performed by her attorney John Harris
Paer:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| John Paer | 35.9 | $300.00 | $10,770.00 |
| **TAX (4.7%)** | | | $506.19 |
| **TOTAL** | 35.9 | | $11,276.19 |

The Court is now tasked with determining the
reasonableness of the requested hourly rates and time
expended.

A.   <u>Reasonable Hourly Rate</u>

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  <u>See Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

Mr. Paer graduated from the University of Chicago School of Law in 1969 and has specialized in consumer protection law since 1971.  Decl. of John

7

Harris Paer ("Paer Decl.") at ¶ 3.  This Court is well
aware of the prevailing rates in the community for
similar services performed by attorneys and paralegals
of comparable experience, skill and reputation.  Based
on this Court's knowledge of the community's prevailing
rates, and the hourly rates generally granted by the
Court, this Court finds that Mr. Paer's $300 hourly
rate exceeds this community's prevailing rates.[1]
Accordingly, the Court hereby reduces Mr. Paer's hourly
rate to $285.

B.   Hours Reasonably Expended

        Beyond establishing a reasonable hourly rate, a
prevailing party seeking attorneys' fees bears the
burden of proving that the fees and costs taxed are
associated with the relief requested and are reasonably
necessary to achieve the results obtained.  See Tirona
v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632,
636 (D. Haw. 1993) (citations omitted).  The court must

---

        [1]  It must be noted that there is a distinction
between the prevailing rates in the community, i.e,
what one might charge and collect from a client, and
the prevailing rates awarded by the Court.

8

guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Plaintiff submits that Mr. Paer expended 35.9 hours litigating this case.  Defendant counters that Mr. Paer reasonably expended 13.65 hours in this case. After carefully reviewing Plaintiff's counsel's time submissions, the Court finds that some reductions are necessary.

For example, it appears that Mr. Paer spent
excessive amounts of time on certain tasks.  The Court
finds that some of the time expended on case
development and investigation was excessive.  Although
the Court recognizes the necessity of engaging in case
development and investigation prior to the commencement
of a lawsuit, the Court will deduct 1 hour for the case
development work billed between April 23, 2010, and
April 30, 2010.  The Court also deducts 0.5 hours
billed for Mr. Paer's work on the retainer agreement,
as such work is not compensable and should be subsumed
in a firm's overhead.  <u>Black v. City, County of
Honolulu</u>, Civil No. 07-00299 DAE-LEK, 2010 WL 653026,
at *11 (D. Haw. Feb. 22, 2010) (finding that work on
client agreements are not compensable, even though such
work is necessary to the attorney and client's
professional relationship, because it did not
contribute to the litigation of the plaintiff's
claims).

Defendant requests that the Court exclude the time spent leaving phone messages.  The Court agrees that the six instances where Mr. Paer billed 0.10 hours for leaving messages were excessive.  Thus, the Court deducts 0.60 hours for the time spent telephoning defense counsel and Plaintiffs, where Mr. Paer merely left messages.

Upon reviewing the timesheets, the Court finds that Mr. Paer billed excessively for drafting documents (i.e., Complaint, Declarations, Motion for Attorneys' Fees, etc.).  Given Mr. Paer's extensive knowledge of this area of law and his nearly 40 years of experience, he should have been able to draft documents such as the Complaint in a fraction of the time billed.  As a result, the Court finds it appropriate to reduce his time by 6.45 hours.

Based on the foregoing reasoning, it is additionally necessary to reduce the hours expended on research, as Mr. Paer should be familiar with the applicable law.  Consequently, the Court deducts 2.75

hours of research conducted by Mr. Paer.

Finally, Defendant takes issue with the excessiveness and duplication of several of Mr. Paer's time entries concerning the communications (both by phone and email) with defense counsel.  In particular, Defendant asserts that while the time entries are each greater than 0.15 hours, the types of emails drafted by Mr. Paer should not take more than 5 minutes to draft and send.  Defendant attached examples of emails for which Mr. Paer billed 0.25 hours.  Opp'n, Ex. B.  The Court agrees that these emails should have taken no more than 5 minutes to draft and send.  Consequently, the Court reduces the related time entries (as well as others involving emails between Mr. Paer and defense counsel) by 0.75 hours.

Defendant asks the Court to further reduce Mr. Paer's hours for his use of quarter-hour billing practices.  Plaintiff responds that Mr. Paer only billed for the time spent on a task; that if a task took a quarter hour, it was billed as such, and if it

took more or less time, it was billed accordingly.
Although the Court ordinarily deducts a percentage of
the time spent when attorneys bill in quarter-hour
increments, the Court declines to do so here.  The
Court cannot conclude with certainty that Mr. Paer
billed in quarter-hour increments, based on Plaintiff's
representation about Mr. Paer's billing practices.

In sum, the Court deducts a total of 12.05
hours for excessive/duplicate work.

C.   Total Fee Award

The Court is satisfied that Plaintiff has
established the appropriateness of the following
attorneys' fees incurred in the present action, and the
Court declines to adjust this amount based on the Kerr
factors:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| John Paer | 23.85 | $285.00 | $6,797.25 |
| TAX (4.7%) | | | $319.47 |
| TOTAL | 23.85 | | $7,116.72 |

13

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's Motion for Award of Attorneys Fees, filed October 1, 2010, and award Plaintiff **$6,797.25** in attorneys' fees and **$319.47** in tax, for a total of **$7,116.72.**

The parties are advised that any objection to this Report is due twenty-four (24) calendar days after being served with a copy of this Report.  <u>See</u> Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 53.2.  A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 12, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 10-00259 DAE-KSC; <u>ONISHI V. REDLINE RECOVERY SERVICES, LLC</u>; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS FEES BE GRANTED IN PART AND DENIED IN PART